IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

PHILIP GLOVER,

                                        Plaintiff,

          v.                                        Civil Action No.
                                                    9:06-CV-1037 (LEK/DEP)
GLENN S. GOORD, *et al.*,

                                        Defendants.

_____

APPEARANCES:                                       OF COUNSEL:

FOR PLAINTIFF:

PHILIP GLOVER, *pro se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO                    MARIA MORAN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Office of the Attorney General
Syracuse Regional Office
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

_____

REPORT AND RECOMMENDATION

          Plaintiff Philip Glover, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this civil rights

action against Glenn S. Goord, the former Commissioner of the New York

State Department of Correctional Services ("DOCS"), and two physicians – one a DOCS employee stationed at the Elmira Correctional Facility, and the other an orthopedic surgeon at the Wyoming County Community Hospital – alleging deprivation of his rights under the Eighth Amendment to the United States Constitution.  In his complaint, plaintiff asserts that during the course of treatment of his broken arm, extending over a significant period and requiring at least two surgeries, defendants were deliberately indifferent to his serious medical needs, resulting in his experiencing cruel and unusual punishment.  Plaintiff's complaint seeks recovery of compensatory and punitive damages.

In response to plaintiff's complaint, the defendants have moved seeking its dismissal, claiming improper venue or, in the alternative, a transfer of the action to the Western District of New York.  In that motion, defendant Goord also requests dismissal of plaintiff's claims against him based upon lack of personal involvement.  For the reasons set forth below, I recommend that defendant Goord's motion to dismiss for lack of personal involvement be granted, and that the action be transferred to the Western District of New York, where the remaining defendants are located and the events relevant to plaintiff's claims took place.

2

I.      BACKGROUND[1]

Plaintiff is a New York State prison inmate entrusted to the custody of the DOCS.  At the times relevant to his claims, plaintiff was confined within the Elmira Correctional Facility ("Elmira").  On or about May 30, 2004, while at Elmira, plaintiff suffered a broken arm.  As a result of his examination of the injury Dr. Wesley Canfield, a DOCS physician at Elmira, determined that Glover needed to undergo the surgical insertion of a K-wire and screw in order to repair the break.  Arrangements were therefore made for surgery, to be performed by Dr. Gerald Coniglio at the Wyoming County Community Hospital.

Following his operation, which was performed on July 13, 2004, and extending until October 20, 2004, plaintiff experienced severe pain and ongoing leakage of infected puss at the site of his surgery.  According to the plaintiff, he was examined by defendants Canfield and Coniglio "on numerous occasions" to address the problems with his arm and ascertain the cause of his pain and infection.  After several consultations, a second

_____

[1]      In light of the procedural posture of the case, the following recitation is drawn principally from plaintiff's complaint, the allegations of which are accepted as true for purposes of defendants' motion.  *See Erickson v. Pardus*, __U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

operation was scheduled to be performed on October 20, 2004, again at the Wyoming County Community Hospital.  In that second operation, which plaintiff maintains was performed despite testing revealing that he had a high glucose level, Dr. Coniglio removed the K-wire.

Following his second operation, plaintiff's arm continued to leak infected puss.  Plaintiff was again examined by defendants Canfield and Coniglio multiple times between October 20, 2004 and the end of that year.  After determining that stronger antibiotics had failed to cure plaintiff's arm, medical officials scheduled a third operation.

Before the third scheduled surgery could take place, plaintiff was examined by a Dr. Angus, at the Arnot Ogden Medical Center, located in Elmira, New York, in connection with an apparently unrelated potential circumcision.  Noting plaintiff's high level of glucose, Dr. Angus refused to perform that procedure.  When Dr. Angus alerted defendants Canfield and Coniglio of plaintiff's high glucose level, they immediately prescribed metformin and glipizide for level two diabetes.  Once those prescription drugs were administered, the wound on plaintiff's arm healed within two weeks.

In November of 2005 Dr. Richard Boch x-rayed plaintiff's arm.  Upon

reviewing the resulting x-rays, Dr. Boch determined that the screw placed in Grover's arm was too large, and additionally that it was inserted backwards.  Dr. Boch subsequently removed the screw and placed it in a medical evidence bag.

II.    PROCEDURAL HISTORY

Plaintiff commenced this action on August 28, 2006, alleging that by their actions defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights under the Eighth Amendment.  Dkt. No. 1.  In response to plaintiff's complaint, defendants have lodged two separate motions seeking dismissal of the action on the ground that it is improperly venued in this district or, alternatively, requesting a transfer of the action to the Western District of New York.[2] Dkt. Nos. 8, 16.  Defendant Goord also seeks dismissal of plaintiff's claims against him based upon the lack of his personal involvement in the constitutional violations alleged.  *Id.*  Plaintiff has since responded to both motions, arguing that because defendant Goord is alleged to have directly supervised the defendants in the action at the relevant times, and was

_____

[2]    The first dismissal motion, filed on January 11, 2007, was interposed on behalf of defendants Goord and Coniglio, the only two defendants who until that point in time had been served.  Dkt. No. 8.  On February 5, 2007, after being served with the summons and complaint in the action, defendant Canfield moved seeking similar relief. Dkt. No. 16.

purportedly required to approve all medical procedures performed, there is an adequate basis for finding personal liability against him.  Plaintiff also asserts that the Northern District of New York is an appropriate venue, but requests a transfer of the action to the Western District of New York in the event that the court agrees that venue in this district is inappropriate.  Dkt. Nos. 14, 19.

The pending dismissal motions, which are now ripe for determination, have been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

A.    Dismissal Motion Standard

Plaintiff's motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon the court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements.  Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Absent applicability of a heightened

pleading requirement such as that imposed under Rule 9, a plaintiff is not required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (other quotations omitted)); *cf. Iqbal v. Hasty*, __ F.3d __, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible").  Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations contained in the complaint to support his or her claim.  *Twombly*, 127 S. Ct. at 1969 (observing that the Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. (1957), "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences

in favor of the non-moving party.  *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.). The burden undertaken by a party requesting dismissal of a complaint under Rule 12(b)(6) is substantial; the question presented by such a motion is not whether the plaintiff is likely ultimately to prevail, "'but whether the claimant is entitled to offer evidence to support the claims.'" *Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d 435, 441 (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)).  Accordingly, a complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim.  *See Twombly*, 127 S. Ct. at 1969, 1974.

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action. *Erickson*, 127 S. Ct. at 2200 ("'[A] *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted)); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

    B.    <u>Sufficiency of Plaintiff's Allegations Against Commissioner Goord</u>

In his motion, defendant Goord argues that plaintiff's complaint is devoid of any allegations of his involvement in, or even awareness of, the constitutional violations alleged.  Defendant Goord maintains that because plaintiff's claim appears to be grounded solely on the theory of *respondeat superior* – an assumption largely confirmed by plaintiff's opposition papers – he is entitled to dismissal of plaintiff's complaint based upon lack of personal involvement.

Personal involvement of a defendant in an alleged constitutional

deprivation is a prerequisite to an award of damages under section 1983.

*Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S. Ct. 1282 (1978)).  In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show some tangible connection between the constitutional violation alleged and that particular defendant.  *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

A supervisor cannot be liable for damages under section 1983 solely by virtue of being a supervisor; there is no *respondeat superior* liability under section 1983.  *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501.  A supervisory official can, however, be liable in one of several ways:  1) the supervisor may have directly participated in the challenged conduct; 2) the supervisor, after learning of the violation through a report or appeal, may have failed to remedy the wrong; 3) the supervisor may have created or allowed to continue a policy or custom under which unconstitutional practices occurred; 4) the supervisor may have been grossly negligent in managing the subordinates who caused the unlawful event; or 5) the supervisor may have failed to act

10

on information indicating that unconstitutional acts were occurring. *Iqbal*, 2007 WL 1717803, at *6; *see also Richardson*, 347 F.3d at 435; *Wright*, 21 F.3d at 501; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

When viewed in isolation, the allegations set forth in plaintiff's complaint are completely devoid of any connection between Commissioner Goord and plaintiff's alleged injuries.  Plaintiff simply notes that defendant Goord was the Commissioner during the relevant time period, and was therefore "responsible ultimately for [his] care, custody, and control, and under the respondent superior doctrine is liable for actions of his respondents who act out of the color of state law." Complaint (Dkt. No. 1) ¶ 6.  These allegations are facially insufficient to implicate Commissioner Goord in the constitutional violation alleged, since they fail to allege a tangible connection between his actions and plaintiff's alleged injuries.  *See, e.g., Gill v. Mooney*, 824 F.2d 192, 196 (2d. Cir. 1987) (finding dismissal appropriate where plaintiff did no more than allege that defendant was in charge of prison); *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) (same).

In his response dated Feb. 2, 2007, in opposition to Commissioner Goord's dismissal motion, plaintiff writes that he is "including

11

Commissioner Goord; under the color of State Law because Defendants
Dr. Wesley Canfield; and Defendant Gerald Conglio; Is [sic] under the
direct supervision of Commissioner Goord."  Plaintiff's Affidavit (Dkt. No.
14) ¶ 1.  From this it appears that plaintiff is attempting to justify the
inclusion of Commissioner Goord in the action based solely on his
supervisory position over defendants Canfield and Coniglio.  This
allegation alone is insufficient to implicate defendant Goord in the
constitutional violation alleged, since it fails to establish a nexus between
Commissioner Goord and the alleged injuries.  "[M]ere 'linkage in the
prison chain of command' is insufficient to implicate a state commissioner
of corrections or a prison superintendent in a § 1983 claim."  *Richardson*,
347 F.3d at 435 (quoting *Ayers*, 780 F.2d at 210).

In his later response, filed on May 2, 2007, in opposition to
defendant Canfield's dismissal motion, plaintiff interjects a new argument,
asserting that

> [a]ll medical procedures done in New York State Department
> Correctional Services; Must first be approved by the Commissioner
> of Corrections; Who was Glenn S. Goord at the time of both of
> Plaintiffs operations; So therefore Commissioner Goord was Directly
> involved.  And should be kept on as a defendant. [sic]

Plaintiff's Affidavit (Dkt. No. 19) ¶ 2(C).[3]  This statement moves well beyond the original assertions set forth in plaintiff's complaint.  From this, plaintiff's position now appears to be that because Commissioner Goord would have had to approve any medical procedure before the plaintiff could undergo medical treatment for his arm injury, he was thus personally involved in the treatment decisions at issue.

Plaintiff's assertion regarding Commissioner Goord's authority to approve all medical procedures which, despite the court's skepticism, must be accepted as true for purposes of defendants' motion, gives room for pause.  Such an allegation would potentially form the basis for a finding of personal involvement in a situation, for example, where an inmate plaintiff alleges the complete denial of medical treatment.  Thus, by way of illustration, had plaintiff alleged that additional surgery was recommended, but denied by the DOCS, then defendant Goord's liability could potentially be implicated under the circumstances now asserted by the plaintiff.  In this instance, by contrast, plaintiff's claim is not that he has been denied requested surgery, but rather that the surgeries were performed

---

[3]     Although plaintiff raises arguments relating to Commissioner Goord's dismissal motion in his papers in response to defendant Canfield's later motion, I will consider the argument nonetheless.  *Cf. Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (holding that a *pro se* complaint, "however inartfully pleaded," must be held to less stringent standards than formal pleadings drafted by lawyers).

negligently and that his operating and treating doctors failed to discern the

existence of a high glucose level and to prescribe medication to eliminate

his infections.  It is difficult to imagine how Commissioner Goord's

authority to approve medical procedures could expose him to personal

liability in this setting.  In deference to plaintiff's *pro se* status, however,

and to permit clarification of the basis for plaintiff's claims of personal

involvement on the part of defendant Goord, as well as to allow defendant

Goord to respond to and defend against that claim, I recommend that

plaintiff's claims against defendant Goord be dismissed for lack of

personal involvement, though without prejudice and with leave to replead.

> C.     Improper Venue[4]

In their motions, defendants assert that venue in this action is

improperly laid in the Northern District of New York, and that as such they

---

[4]     While as a magistrate judge I lack the authority, absent consent of the parties, to order dismissal of an action, a venue transfer is regarded as a non-dispositive matter which falls within the scope of my non-consensual jurisdiction under 28 U.S.C. § 636(b)(1)(A).  *See White Mop Wringer Co. of Canada Ltd. v. BT Capital Partners, Inc.*, No. 95-CV-565, 1997 WL 222380, at *1 (N.D.N.Y. Apr. 29, 1997) (Pooler, J.); *Pemrick v. Stracher*, No. 90-CV-849, 1992 WL 697636, at *1 (N.D.N.Y. Mar. 27, 1992) (McAvoy, C.J.); *see also Advance Relocation & Storage, Inc. v. Wheaton Van Lines, Inc.*, No. CV 99-2491, 2000 WL 33155640, at *1 (E.D.N.Y. Sept. 15, 2000) (decision of magistrate judge ordering a venue transfer under 28 U.S.C. § 1404(a)); *Tenen v. Winter*, 15 F. Supp. 2d 270 (W.D.N.Y. 1998) (decision by district judge affirming the order of a magistrate judge denying a motion for a change of venue).  Because defendants' motion to transfer venue is raised in conjunction with their motion to dismiss, however, I have chosen to format my response to that motion as a recommendation to Judge Kahn.

are entitled to dismissal of plaintiff's complaint pursuant to Rule 12(b)(3) of

the Federal Rules of Civil Procedure.  As an alternative to dismissal,

defendants request that the matter be transferred to the Western District

of New York.  Plaintiff opposes defendants' dismissal motion but, in the

event of a finding of improper venue, urges that the action be transferred

to the Western District.

     Venue in an action such as this is governed by 28 U.S.C. § 1391(b),

which provides, in pertinent part, that

> [a] civil action wherein jurisdiction is not founded solely on diversity
> of citizenship may, except as otherwise provided by law, be brought
> only in (1) a judicial district where any defendant resides, if all
> defendants reside in the same State, [or] (2) a judicial district in
> which a substantial part of the events or omissions giving rise to the
> claim occurred. . . .

28 U.S.C. § 1391(b).  In the event of a finding that venue is improper, a

court is empowered to dismiss the action or, alternatively, if the interest of

justice dictates, to transfer the case to any district in which it could have

been brought.  28 U.S.C. § 1406(a); *see also Goldlawr, Inc. v. Heiman*,

369 U.S. 463, 465-67, 82 S. Ct. 913, 915-16 (1962).

     Since I have already determined that Commissioner Goord's motion

to dismiss based on lack of personal involvement should be granted, the

factors informing the venue examination now focus upon the residence of

defendants Canfield and Coniglio, as well as where the relevant events occurred.  Plaintiff's complaint lists defendant Canfield's address as Elmira, Chemung County, New York.  It further lists defendant Coniglio's address as Warsaw, Wyoming County, New York.  At all times relevant to this action, plaintiff was incarcerated at the Elmira Correctional Facility, located in Elmira, Chemung County, New York.  The two surgeries and related medical treatment at issue in plaintiff's complaint took place at the Wyoming County Community Hospital in Warsaw, Wyoming County, New York.  Both Chemung and Wyoming Counties are located within the Western District.   Since it appears that the Western District is the appropriate forum in which this case, as currently configured, should be litigated, and both parties have requested a transfer in the event of such a finding, I recommend that this matter be transferred to that district as the most appropriate forum for litigation of plaintiff's claims.[5]  *See, e.g., Chet*

---

[5]     Even if defendant Goord remained in the action, the court would nonetheless retain the authority to transfer the case to the Western District of New York under, *inter alia,* 28 U.S.C. § 1404(a) as the far more convenient forum for litigation.  *Viacom Int'l, Inc. v. Melvin Simon Productions, Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991).  When considering whether to order a transfer under a provision such as section 1404(a), a court must weigh several relevant factors, including 1) the place where the operative facts occurred; 2) convenience of the parties; 3) convenience of witnesses; 4) the relative ease of access to sources of proof; 5) the availability of process to compel attendance of unwilling witnesses; 6) plaintiff's choice of forum; 7) the forum's familiarity with the governing law; and 8) trial efficiency and the interests of justice.  *Id.* (citations omitted); *see Excelsior College v. Frye*, 306 F. Supp. 2d 226, 231 (N.D.N.Y. 2004) (Hurd, J.).  Courts routinely transfer cases when the principal events

*Baker Enterprises, L.L.C. v. Fantasy, Inc.*, 257 F. Supp. 2d 592, 595-98

(S.D.N.Y. 2002).

IV.   <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's complaint in this action, which alleges that defendants

were deliberately indifferent to his serious medical needs in violation of his

Eighth Amendment right to be free from cruel and unusual punishment,

fails to demonstrate the requisite personal involvement of former

Commissioner Goord in the constitutional violation alleged.  Accordingly, I

recommend that defendants' motion to dismiss plaintiff's claims against

defendant Goord be granted, with leave to replead.

Turning to defendants' venue-based motion, because the remaining

defendants reside in the Western District of New York, and the relevant

events occurred there, I recommend transfer of the action to that district.

Based upon the foregoing it is hereby

RECOMMENDED that defendant Goord's motion to dismiss (Dkt.

No. 8) be GRANTED, and that plaintiff's complaint be dismissed as

against defendant Goord, without prejudice to the right to replead within

---

occurred, and accordingly the key witnesses are located, in another district.  *Viacom*,
774 F. Supp. at 868 (citing *Computer Horizons Corp. v. Knauer*, 483 F. Supp. 1272,
1273 (S.D.N.Y. 1980)).

an appropriate, specified period of time; and it is further

RECOMMENDED that the motions of defendants Canfield and Coniglio to transfer venue (Dkt. Nos. 8, 16) be GRANTED, and that the action be transferred to the Western District of New York.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     July 3, 2007
             Syracuse, NY

David E. Peebles
U.S. Magistrate Judge